■ In the Matter of the Claim of ALICE KAYAL, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 1975, which reversed the decision of a referee sustaining an initial determination of the Industrial Commissioner and held claimant disqualified from receiving benefits on the ground that she voluntarily left her employment for personal and noncompelling reasons and without good cause. Claimant worked for the employer for more than nine years when she retired on her 65th birthday. A company rule provided that mandatory retirement was required at the end of the month in which the employee attained 65. The board found that claimant knew she could continue to work until the end of the month and that she was not advised by her employer to retire on her 65th birthday. Several factual issues were presented, including credibility, which were resolved against the claimant. The record contains substantial evidence to support its determination that claimant voluntarily left her employment without good cause. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ., concur.

■ In the Matter of the Claim of DOROTHY GRANT, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 1, 1975 because she voluntarily left her employment without good cause. Whether good cause exists for separation from employment within the meaning of the Labor Law (§ 593, subd 1) is a factual question within the province of the board to resolve and its determination, if based upon substantial evidence, will not be disturbed. Claimant's somewhat conflicting reasons for her resignation may have complicated the board's task, but the record contains substantial evidence that she left fearing dismissal and not because of any demonstrated medical necessity. Accordingly, its determination that she voluntarily resigned without good cause must be affirmed (cf. *Matter of Pascucci [Levine],* 50 AD2d 703). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ., concur.